IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ULYSSES MURPHY,
:
       Petitioner,                                  Case No. 1:03-cv-053

:        District Judge Walter Herbert Rice
   -vs-                                    Chief Magistrate Judge Michael R. Merz

MARGARET BRADSHAW, Warden,
:
       Respondent.

**SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON THE MERITS**

This capital habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 83) and Respondent's Response (Doc. No. 84) to the Magistrate Judge's Report and Recommendations (Doc. No. 80) recommending that the Petition be dismissed with prejudice.[1]  The General Order of Reference for the Dayton location of court permits the Magistrate Judge to reconsider decisions or reports and recommendations when objections are filed.

The analysis in this Supplemental Report follows the line of argument in the Objections.

**Standard of Review**

Petitioner purports to incorporate into his Objections by reference all of his prior pleadings and post-hearing briefs (Objections, Doc. No. 83, at 6).  Doing so is close to making a general objection which has the same effect as a failure to file objections altogether. *Howard v. Sec. of HHS,* 932 F.2d 505 (6th Cir. 1991). It is also puzzling why incorporation of all prior filings should be necessary when

---

[1] Petitioner requested and received permission to file a reply to Respondent's Response, but never filed one (See Doc. No. 85 and notation order granting).

Petitioner sought permission to file excess pages and then submitted a 103-page set of Objections.

Petitioner correctly summarizes the standard for review of a magistrate judge's report and recommendations on a dispositive motion, except that a magistrate judge's proposed findings of fact based on credibility determinations upon hearing conflicting evidence are entitled to the same deference given other judicial finders of fact under like circumstances. That is to say, they are to be accepted unless clearly erroneous. *Hawkins v. Ohio Bell Tel. Co.*, 93 F.R.D. 547 (S.D. Ohio 1982), *aff'd.* 785 F.2d 308 (6th Cir. 1986); *Brown v. Wesley's Quaker Maid, Inc*., 771 F.2d 952 (6th Cir. 1985).

### First Ground for Relief

In his first ground for relief, Murphy contends he was deprived of his Fifth Amendment right to remain silent during his interrogation by police when Detectives Robert Viduya and Larry Yates ignored his unambiguous invocation of his right to remain silent and continued questioning him about the murder, eventually eliciting a confession. (Petition, Doc. No. 10 at 9-13.) Respondent acknowledges the claim is preserved for habeas corpus review, but argues it is meritless. (Return of Writ, Doc. No. 12 at 30-35.)

In the Report the Magistrate Judge concluded Petitioner unequivocally invoked his right to remain silent and that the Ohio Supreme Court's conclusion to the contrary was "objectively unreasonable and contrary to federal law as articulated by the United States Supreme Court in Miranda and its progeny." (R&R, Doc. No. 80, at 25) The Report further finds *de novo* that the interrogating officers did not honor Petitioner's invocation of his right to remain silent. *Id*. at 28. However, after a lengthy review of the other evidence of guilt which corroborated the admissions Murphy made, the Magistrate Judge concluded admission of those statements did not prejudice Petitioner. *Id*. at 33.

The Objections take issue with this conclusion by arguing the other evidence at length (Objections, Doc. No. 83, at 12-18.) Having reviewed the Objections, the Magistrate Judge does not

believe additional analysis would be useful to the Court.

**Second Ground for Relief**

In his second ground for relief, Petitioner asserts his constitutional rights were violated when the trial court allowed the alternate jurors to be present in the deliberation room. The Ohio Supreme Court found that it was error to allow the alternate jurors into the deliberation room, but that review of the error had been waived by failure to object. *State v. Murphy*, 91 Ohio St. 3d 516, 531-32 (2001).The Report concluded that this claim was procedurally defaulted on that basis. (R&R, Doc. No. 80, at 35).

Petitioner objects, arguing at length that the contemporaneous objection rule is not firmly established and regularly followed in Ohio (Objections, Doc. No. 83, at 19-22). Binding published precedent in the Sixth Circuit holds to the contrary that Ohio's contemporaneous objection rule is an adequate and independent state basis for decision. *Scott v. Mitchell*, 209 F.3d 854, 867-68 (6th Cir. 2000), *citing Engle v. Isaac*, 456 U.S. 107, 124-29 (1982), cited in the R&R at 35.

For reasons discussed under Ground for Relief Four, the Report concluded Petitioner's trial counsel were not ineffective in failing to object on this matter.

Petitioner argues he should have been allowed to depose the jurors and alternates and later call them as witnesses at the evidentiary hearing in this case to prove prejudice from the presence of the alternates (Objections, Doc. No. 83, at 22-23.) Petitioner correctly notes that the Magistrate Judge denied depositions of the jurors on the grounds that the evidence sought to be elicited from them would not be admissible in these proceedings under Fed. R. Evid. 606(b). (Decision and Order, Doc. No. 26, at 6). Petitioner appealed from that Decision, but it was adopted by Judge Rice (Doc. No. 38). Petitioner also sought to present the jurors at an evidentiary hearing (Doc. No. 31), but the Magistrate Judge rejected that request on the same grounds that discovery from the jurors had been rejected (Order, Doc. No. 34, at 7). Petitioner objected to that Order, but made no additional argument as to presenting

the jurors (Doc. No. 35). The Magistrate Judge then filed a Supplemental Decision and Order allowing testimony from Petitioner's trial attorneys, but not amending the ruling on the jurors (Doc. No. 36). No objection was made to that Order.

Regardless of the merits of the claim, the Magistrate Judge remains persuaded that this claim for relief is procedurally defaulted and that the jurors could not have been presented to show prejudice under Fed. R. Evid. 606(b).

### Third Ground for Relief

In his third ground for relief, Murphy argues that the fairness of his trial was compromised when the trial court refused to grant his challenges for cause against three prospective jurors, Roe, Hector, and Arnold. (Petition, Doc. No. 10 at 16-17.) Respondent acknowledges the claim is preserved for habeas corpus review, but contends it is without merit. (Return of Writ, Doc. No. 12 at 41-45.)

The only federal case cited by the Ohio Supreme Court in deciding this claim and by Petitioner in arguing this claim here was *Morgan v. Illinois*, 504 U.S. 719 (1992). The R&R noted that the question presented in Morgan was whether a trial court could preclude voir dire into whether a potential juror would automatically impose the death penalty, but that there had been no limitation on voir dire here. (R&R, Doc. No. 80, at 39-40.)

The Report concludes that the third ground for relief should be denied on the merits. (R&R, Doc. No. 80, at 44). Petitioner objects only with respect to jurors Roe and Hector, and not with respect to prospective alternate Arthur (Objections, Doc. No. 83, at 25-27.)

The Report sets forth the Ohio Supreme Court's analysis with respect to each of these prospective jurors. Upon reexamination, the Magistrate Judge concludes that the Ohio Supreme Court's determination on these jurors is not contrary to, nor an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. Its determination on this constitutional

question is therefore entitled to deference under 28 U.S.C. § 2254(d).

**Fourth Ground for Relief**

In his fourth ground for relief, Petitioner contends his trial counsel were ineffective during the guilt phase of his trial for (1) not presenting "independent" evidence of his intoxication on the night of the murder, (2) not objecting to the presence of the alternate jurors in deliberations during both phases of the trial, (3) failing to object to prosecutorial misconduct, and (4) conceding Murphy's guilt during the trial against his wishes. (Petition, Doc. No. 10 at 18-24.) Respondent argues only the last of these sub-claims is procedurally defaulted, but all are meritless. (Return of Writ, Doc. No. 12 at 45-52.)

**Sub-claim 1: Failure to Present Independent Evidence of Level of Intoxication**

Having reviewed the Objections on this sub-claim, the Magistrate Judge does not believe further analysis would assist the Court.

**Sub-claim 2: Failure to Object to the Trial Court's Allowing Alternate Jurors in the Jury Room**

With respect to the prejudice prong of *Strickland* analysis, the Magistrate Judge's ruling on taking testimony from the jurors prevents any proof of prejudice. *See* Ground Two, *supra*. No clearly established federal law requires the presumption of prejudice under these circumstances. Petitioner relies on Justice Pfeifer's dissent in the Ohio Supreme Court. Even assuming Justice Pfeifer's position is the correct one, the majority decision on this claim is not contrary to nor an objectively unreasonable application of clearly established federal law.

**Sub-claim 3: Failure to Object to Prosecutorial Misconduct**

Having reviewed the Objections on this sub-claim, the Magistrate Judge does not believe further analysis would assist the Court.

**Sub-claim 4:** This sub-claim has been withdrawn (Objections, Doc. No. 83, at 34).

### Fifth Ground for Relief

In his fifth ground for relief, Petitioner contends his trial counsel provided ineffective assistance during the mitigation phase of his capital trial in eight different ways. (Petition, Doc. No. 10 at 25-41.) Respondent asserted that the first, fifth, and eighth sub-claims were procedurally defaulted and that all eight were without merit. The Report recommended a negative decision on the merits of all of these claims after very extensive discussion (R&R, Doc. No. 80, at 58-112).

The Magistrate Judge has reviewed the Objections made as to all of the sub-claims, except for sub-claim five, which has been withdrawn (Objections, Doc. No. 83, at 80). Having done so, the Magistrate Judge does not believe additional analysis would assist the Court. In her Response to the Objections, Respondent properly notes the importance of avoiding hindsight in evaluating trial counsel's performance. See *Strickland v. Washington*, 466 U.S. 668, 689 (1984).

### Sixth Ground for Relief

In his sixth ground for relief, Petitioner contends his appellate counsel provided ineffective assistance during his direct appeal to the Ohio Supreme Court by failing to raise several meritorious propositions of law. (Petition, Doc. No. 10 at 42-43.) Respondent acknowledges that the claim has been

preserved for habeas corpus review, but argues it is nevertheless meritless. (Return of Writ, Doc. No. 12 at 60-64.)

In part, the Report rejects this claim on the merits because the propositions of law which were omitted would have been rejected by the Ohio Supreme Court (R&R, Doc. No. 80, at 115). In part, the Report rejects this claim because one of the omitted errors on appeal consists of ineffective assistance of trial counsel claims and the Magistrate Judge found the underlying claims without merit. *Id*. In part the Report rejects this claim insofar as it asserts error for failure to include the juror questionnaires in the record on appeal because habeas counsel never sought to discover those questionnaires in this proceeding and thus could not show prejudice. *Id*. at 117.

In the Objections, some of the sub-claims regarding ineffective assistance of appellate counsel have been withdrawn (Objections, Doc. No. 83, at 90-91). Of those that remain, Petitioner objects to the conclusion of procedural default based on failing to comply with the contemporaneous objection rule on the theory that rule is not an adequate and independent state ground. For reasons given above, that argument is unavailing. As to the juror questionnaires, Petitioner admits not seeking them in discovery and says he assumes they no longer exist (Objections, Doc. No. 83, at 95)[2]. Thus as to that claim, he cannot demonstrate prejudice.

**Seventh Ground for Relief**

In this ground for relief, Petitioner asserts eight instances of prosecutorial misconduct. The Report concluded that the second, fourth, and fifth sub-claims were defaulted by never having been

---

[2]What is the basis of that assumption? If the questionnaires have ceased to exist, when did they cease to exist? What investigation did counsel make to ground that assumption? If habeas counsel perceive asperity in those questions, the only intent is to suggest the Magistrate Judge's sense of irony at reading about habeas counsel's lack of investigation on the question after reading literally dozens of pages of habeas counsels' criticism of trial counsel for not conducting more investigation.

presented to the state courts (R&R, Doc. No. 80, at 118). The third, sixth, seventh, and eighth sub-claims were found waived by the Ohio Supreme Court in the absence of a contemporaneous objection, a waiver the Report upheld. *Id*. at 119. The remaining claim, which was admittedly preserved for merits review, was that the prosecutor committed misconduct by telling the jury that the victim's mother had to identify his body on Mother's Day. While the Ohio Supreme Court found this comment improper, it also found it was isolated and had no likely impact on the outcome. *State v. Murphy*, 91 Ohio St. 3d 516, 535 (2001). The Report recommends holding that this conclusion is neither contrary to nor an unreasonable application of any clearly established federal law. (R&R, Doc. No. 83, at 120). Thus the seventh ground for relief was found to be without merit. *Id*.

In the Objections, Petitioner claims he cured the procedural default on the second, fourth, and fifth sub-claims by raising these issues in his Application for Reopening of his Direct Appeal where he claimed it was ineffective assistance of appellate counsel to fail to raise this issue. However, an application for reopening direct appeal presents only the issue of ineffective assistance of appellate counsel, and not the underlying issues. Because claims of ineffective assistance of appellate counsel are based on a different legal theory from the underlying claims, the 26(B) application does not preserve the underlying claims from default. *White v. Mitchell,* 431 F.3d 517, 526 (6th Cir. 2005).

As to sub-claims 3, 6, 7, and 8, Petitioner relies on his prior argument that the contemporaneous objection rule is not an adequate and independent state ground of decision. However, as noted above, the Sixth Circuit has held to the contrary. *Scott v. Mitchell*, 209 F.3d 854, 867-68 (6th Cir. 2000), *citing Engle v. Isaac*, 456 U.S. 107, 124-29 (1982), cited in the R&R at 35.

Petitioner re-argues the merits of sub-claim one, but fails to demonstrate to the Magistrate Judge's satisfaction that the Ohio Supreme Court's conclusion on this claim is an objectively unreasonable application of clearly established law.

**Eighth Ground for Relief**

In his eighth ground for relief, Petitioner attacks the constitutionality of proportionality review as it is conducted by the Ohio Supreme Court. As noted in the Report, this argument has been rejected repeatedly by the Sixth Circuit. (R&R, Doc. No. 80, at 120, *quoting Williams v. Bagley*, 380 F.3d 932, 962-63 (2004)). The Objections rely on Justice Pfeifer's dissent in this case which, though eloquent, is not the law.

**Ninth Ground for Relief**

In his ninth ground for relief, Petitioner seeks to cumulate the claimed errors in his case. The Report concludes that there was no error or combination of errors which deprived Petitioner of a fair trial. Having reviewed the Objections, the Magistrate Judge concludes no additional analysis would be useful to the Court.

**Conclusion**

It is again respectfully recommended that the Petition be dismissed with prejudice.

July 13, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically

extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). **Where the Magistrate Judge has offered no additional analysis in this Report and Recommendations on a matter, there is no need for a party to repeat prior objections to preserve them.**